WATKINS, Judge.
This matter comes up on a matter ancillary to, but not forming directly a part of, a judgment of divorce between Tommy L. Conrad and Lois Thibodeaux Conrad, which the wife obtained upon confirmation of default.
Before divorce was granted, and while an action for separation from bed and board was pending, Tommy L. Conrad filed a pleading styled “Answer” which in effect contained a reconventional demand attacking a community property settlement entered into after a prior judgment of separation, the date of the alleged property settlement having been May 23, 1980. Subsequently, the divorce decree mentioned above was obtained after filing of petition for divorce and obtaining confirmation of default. Thereafter, Tommy L. Conrad filed a pleading styled “Supplemental Answer” which is really a reconventional demand seeking to have two alleged community property settlements declared null and void. To this supplemental answer, Lois Thibodeaux Conrad filed an exception of no cause of action, which was sustained by the trial court. We affirm.
We might note at the outset, the entire record is filled with procedural irregularities. The three most notable ones that concern us are that (1) no indication is given by Mr. Conrad that either the “Answer” or “Supplemental Answer” contains a reconventional demand, (2) an exception to an answer that does not clearly embody a reconventional demand is unheard of, and (3) the answer was filed after final judgment on the merits. However, under the law of this state enunciated in LSA-C.C.P. art. 865, pleadings are to be liberally construed. We will, therefore, construe Mr. Conrad’s “Answer” and “Supplemental Answer” as being in part reconventional demands and address the issue of whether or not a cause of action is asserted by Tommy L. Conrad.
As to the first community property settlement, Mr. Conrad alleges it is lesionary.
As to the second community property settlement, the only claims of Mr. Conrad that have a shadow of legal merit are (1) that it too is lesionary, (2) that it was arrived at through error of law on the part of Mr. Conrad, and (3) that the wife in some way induced him to execute it through fraud.
We might note that the trial court incorrectly refers to the contents of the two community property settlements in its reasons for judgment. Neither of these two instruments constituted a part of the quasi-reconventional demand. As only the petition may be considered on an exception of no cause of action and no evidence may be introduced on trial of that exception, the trial court was in error in having adverted to the contents of the two community property settlements. See LSA-C.C.P. art. 931; Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). However, even without our considering the contents of these two instruments, it is clear that the exception of no cause of action was properly sustained.
As to lesion, LSA-C.C. 1403 reads as follows:
“But, after the partition, or the act operating the same effect, the action of rescission can no longer be admitted against a compromise made to put an end to disputes arising in consequence of the first act, although there should be no suit commenced on the subject.”
Thus, it is clear that the settlement entered into last cured whatever defects may have attended the community property settlement entered into first, and that, under the clear language of the Codal article, the second property settlement is not subject to attack on the ground of lesion.
As to the alleged error of law on the part of Mr. Conrad, we see that a compromise cannot be attacked on account of an error of law. Succession of Teddlie, 385 So.2d 902 (La.App. 2d Cir.1980), writ denied 393 So.2d 742 (1980).
*576 The only portion of either the Answer or Supplemental Answer suggesting fraud in any way is the following two sentences quoted from paragraph “13” of the Supplemental Answer:
“He was under the assumption, because of what his wife told him, he owned the property along with her. He was informed by her the property had been transferred to his name.”
It is a well-known principle of law that fraud must be pleaded with particularity. LSA-C.C.P. art. 856 directly applies:
“In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally.”
The two sentences quoted from the Supplemental Answer could be construed as having any of several different meanings, several of which constructions would not involve an allegation of fraud. Thus, fraud is not pleaded sufficiently precisely to meet the requirement of LSA-C.C.P. art. 856.
No other of the rambling and imprecisely stated allegations made by Mr. Conrad has any legal merit. As the allegations discussed are likewise insufficient to state a cause of action, the trial court was correct in sustaining the exception of no cause of action.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.